# UNITED STATES DISTRICT COURT
## District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>AARON SPENCER WILLIAMS | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 3:23-cr-00001-MMD-CLB<br>USM Number: 42470-510 |

**Date of Original Judgment:** 4/9/2024
*(Or Date of Last Amended Judgment)*

Chris Frey, AFPD
Defendant's Attorney

**THE DEFENDANT:**
☑ pleaded guilty to count  One of the Indictment filed 1/19/2023 (ECF No. 1).
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography | 2/8/2022 | 1 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 8, 2024
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Miranda M. Du, Chief U.S. District Judge
Name and Title of Judge

June 11, 2024
Date

DEFENDANT: AARON SPENCER WILLIAMS
CASE NUMBER: 3:23-CR-00001-MMD-CLB

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: TIME SERVED.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Case 3:23-cr-00001-MMD-CLB  Document 50  Filed 06/11/24  Page 3 of 13
Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))
Judgment—Page 3 of 9

DEFENDANT: AARON SPENCER WILLIAMS
CASE NUMBER: 3:23-CR-00001-MMD-CLB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : **10 years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: AARON SPENCER WILLIAMS
CASE NUMBER: 3:23-CR-00001-MMD-CLB

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____      Date _____

AO 245C (Rev. 09/20) Case 3:23-cr-00001-MMD-CLB   Document 50   Filed 06/11/24   Page 5 of 13
Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release                                                                (NOTE: Identify Changes with Asterisks (*))

Judgment—Page  5  of  9

DEFENDANT:  AARON SPENCER WILLIAMS
CASE NUMBER:  3:23-CR-00001-MMD-CLB

# SPECIAL CONDITIONS OF SUPERVISION

**1. Home Confinement with Location Monitoring** - You will be monitored by the form of location monitoring technology indicated below for a period of 730 days (24 months), and you must follow the rules and regulations of the location monitoring program. You must pay the costs of the program, based on your ability to pay.

- Location monitoring technology at the discretion of the probation officer.

This form of location monitoring technology will be used to monitor the following restriction on your movement in the community:

- You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer (Home Detention).

**2. Search and Seizure** - You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**3. Substance Abuse Treatment** - You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program, based on your ability to pay.

**4. Mental Health Treatment** - You must participate in an [ Outpatient] mental health treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  You must pay the costs of the program, based on your ability to pay.

**5. Drug Testing** - You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing methods.

**6. No Alcohol** - You must not use or possess alcohol.

**7. Access to Financial Information** - You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office. This condition will be removed if the Court does not impose restitution.

**8. Debt Obligations** - You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer. This condition will be removed if the Court does not impose restitution.

*See additional Special Conditions of Supervision on the next page.*

DEFENDANT: AARON SPENCER WILLIAMS
CASE NUMBER: 3:23-CR-00001-MMD-CLB

# SPECIAL CONDITIONS OF SUPERVISION

**9. Sex Offender Treatment** - You must participate in a sex offense-specific treatment program, and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program, based on your ability to pay.

**10. Place Restriction - Children Under 18** - You must not go to, or remain at, any place primarily used by children under the age of 18, unless you have the express prior permission of your Probation Officer. Examples of such prohibited places include parks, schools, playgrounds, and childcare facilities.

**11. No Pornography** - You must not view or possess any "visual depiction," or any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" involving children, or "actual sexually explicit conduct" involving adults. These restrictions do not apply to materials necessary to, and used for, any future appeals, or materials prepared or used for the purposes of sex-offender treatment.

"Visual depiction" (as defined in 18 U.S.C. § 2256(5)) includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format;

"Sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children means actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person.

"Actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults means actual, but not simulated, conduct as defined in clauses (i)-(v) above.

**12. Polygraph Testing** - You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

**13. Computer Monitoring** - To enable the Search and Seizure Condition, you must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to the installation of computer monitoring software by the probation officer.

**14. Computer Search - Monitoring Software** - To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

DEFENDANT: AARON SPENCER WILLIAMS
CASE NUMBER: 3:23-CR-00001-MMD-CLB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | *$ 18,000.00 | $ | $ | $ |

*Due and payable immediately

* ☐ The determination of restitution is deferred until ____*____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U.S. District Court, District of Nevada<br>Attn: Clerk of Court - Finance Department<br>Re: Case No. 3:23-cr-00001-MMD-CLB<br>333 las Vegas Blvd., South<br>Room 1334<br>Las Vegas, NV 89101 | | | |
| *See attached list of payees | | *$18,000.00 | |
| **TOTALS** | $ 100.00 | $ *18,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: AARON SPENCER WILLIAMS
CASE NUMBER: 3:23-CR-00001-MMD-CLB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**\* A** ☑ Lump sum payment of $ *18,100.00 due immediately, balance due

    ☐ not later than _____, or
    \*☑ in accordance with ☐ C, ☐ D, ☐ E, or \*☑ F below; or

**\* B** ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or \*☑ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**\* F** ☑ Special instructions regarding the payment of criminal monetary penalties:

*Restitution mandatory. As agreed to by the parties, Defendant will pay $50 a month for the duration of his 10 year term of supervised release. (See ECF No. 46 at 3).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See the attached Final Order of Forfeiture (ECF No. 44).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:23-CR-001-MMD-CLB |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| AARON SPENCER WILLIAMS, | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2) and 18 U.S.C. § 2253(a)(1) and 2253(a)(3) based upon the plea of guilty by Aaron Spencer Williams to the criminal offense, forfeiting the property set forth in the Memorandum in Support of Plea and the Forfeiture Allegation of the Criminal Indictment and shown by the United States to have the requisite nexus to the offense to which Aaron Spencer Williams pled guilty. Criminal Indictment, ECF No. 1; Memorandum in Support of Plea, ECF No. 21; Change of Plea, ECF No. 23; Preliminary Order of Forfeiture, ECF No. 25.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from July 14, 2023, through August 12, 2023, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 26-1, p. 5.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 2253(a)(1) and 2253(a)(3); and 21 U.S.C. § 853(n)(7) and shall be disposed of according to law:

1. a Dell Inspirion laptop computer, SN: H8J2KR1 with Seagate Momentus 500GB hard drive, SN: S2WBTXD0;
2. a Samsung Galaxy J7, 125GB cell phone, SN: R58KC1Z6PVE; and
3. a Toshiba external hard drive, SN: 43NKP7AQTTV2, 500GB

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all rights, titles, and interests in the property are extinguished and are not recognized for Aaron Spencer Williams and all third parties.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED THIS 8th Day of April 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
CHRISTOPHER P. FREY
Assistant Federal Public Defender
Nevada State Bar No. 10589
200 S. Virginia Street, Suite 340
Reno, Nevada 89501
(775) 321-8451/Tel.
(702) 388-6261/Fax
chris_frey@fd.org

Attorney for AARON SPENCER WILLIAMS

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AARON SPENCER WILLIAMS,<br><br>    Defendant. | Case No. 3:23-cr-00001-MMD-CLB<br><br>**ORDER GRANTING RESTITUTION STIPULATION** |

IT IS HEREBY STIPULATED AND AGREED by and through RENE L. VALLADARES, Federal Public Defender and CHRISTOPHER P. FREY, Assistant Federal Public Defender, counsel for AARON SPENCER WILLIAMS and JASON M. FRIERSON, United States Attorney, and RANDOLPH J. ST. CLAIR, Assistant United States Attorney, counsel for the UNITED STATES OF AMERICA, that the restitution hearing dated for June 10, 2024 be vacated. Both parties have received all restitution information and have reached an agreement. Defendant accepts $18,000.00 as the final total amount of restitution due in this case to be incorporated into his final Judgment.

DATED this 31st day of May, 2024.

| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
|---|---|
| By */s/ Christopher P. Frey*<br>CHRISTOPHER P. FREY<br>Assistant Federal Public Defender<br>Counsel for AARON WILLIAMS | By */s Randolph J. St. Clair*<br>RANDOLPH J. ST. CLAIR<br>Assistant United States Attorney<br>Counsel for the Government |

**ORDER**

Based on the Stipulation of counsel, and good cause appearing,

**IT IS THEREFORE ORDERED** that the restitution hearing on June 10, 2024 be vacated and the final total restitution amount of $18,000.00 be incorporated into the final Judgment for Mr. Aaron Spencer Williams.

DATED this __3rd__ day of June, 2024.

_____
UNITED STATES DISTRICT JUDGE